1mv

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
APR 13 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| GUILLERMO I. HERNANDEZ | * |
| | * |
| VS | *   C.A. NO. B96-045 |
| | * |
| UNITED STATES OF AMERICA | *   (Cr. No. B90-020) |

GUILLERMO L. HERNANDEZ, Pro Se

United States Attorney (Katherine Haden, Assistant U.S. Attorney), Attorney for the Respondent

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is a Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. The Honorable Filemon B. Vela, District Judge having jurisdiction over the above-styled and numbered proceedings, has directed this Court to consider this matter and file a report and recommendation herein.

On March 13, 1990, Petitioner was found guilty by a jury for conspiring to import, importing, conspiracy to posses with intent to distribute, and possession with intent to distribute 1,000 kilograms of marihuana. On March 24, 1990, the District Court sentenced Petitioner

HERNANDEZ to concurrent terms of 151 months imprisonment, followed by a five-year term of supervised release and a $200.00 special assessment.

Petitioner HERNANDEZ appealed his conviction on sufficiency of evidence grounds. On July 29, 1991, the Fifth Circuit Court of Appeals affirmed the conviction. On March 11, 1996, Petitioner HERNANDEZ filed this 28 U.S.C. § 2255 Motion alleging a single claim of ineffective assistance of counsel. On December 15, 1998, the United States filed their Answer and Motion to Deny Relief and Motion for Sanctions. Thereafter, on January 13, 1999 Petitioner HERNANDEZ filed a Motion to Withdraw the section 2255 petition stating that "he fell prey to one of these slick talking "jailhouse lawyers" who duped [him]....into believing he had a valid habeas claim."

Because of the foregoing, this Court recommends that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be **denied** and this cause of action be **dismissed with prejudice**. It is further recommended that the United State's Motion for Sanctions be **denied.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass V. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

3

DONE at Brownsville, Texas, this 13th day of April, 1999.


_____
Felix Recio
United States Magistrate Judge